**In the Matter of the TRUST Created by J.V. CANNADY, Settlor.**

**Marie CANNADY, Life Beneficiary, Petitioner–Appellee,**

v.

**Ryita Lynn PRICE, Trustee and Nancy Fay Cannady, Trustee, Respondents–Appellants.**

No. 95CA0963.

Colorado Court of Appeals, Div. III.

Sept. 26, 1996.

Cockrell, Quinn & Creighton, Thomas E. Creighton, Denver, for Petitioner–Appellee.

Susemihl & McDermott, P.C., Gary R. Cowan, Colorado Springs, for Respondents–Appellants.

Opinion by Judge KAPELKE.

In this trust administration proceeding, respondents, Nancy Fay Cannady and Ryita Lynn Price, appeal from the trial court's order requiring that certain fees and expenses of the trustees and their attorneys be allocated one-half to income and one-half to principal. We affirm.

Petitioner, Marie Cannady, is the life income beneficiary of the trust established by her husband, J.V. Cannady (settlor). Respondents are the settlor's daughters and also the co-trustees and remaindermen of the trust.

Pursuant to the terms of the trust, respondents provided petitioner with interim accountings for the period between June 1991 and February 1993. Petitioner later sought judicial review of the accountings, alleging that excessive amounts had been charged against the income of the trust for fees of the trustees and their attorneys and for other administrative expenses.

Following an evidentiary hearing, the probate court concluded that the Uniform Principal and Income Act (the Act), § 15–1–401, C.R.S., et seq. (1987 Repl.Vol. 6B), governed the administration of the trust. It further concluded that, pursuant to § 15–1–415(1), C.R.S. (1987 Repl.Vol. 6B), the fees and expenses should be paid one-half from income and one-half from principal. The court required the respondents to restore to the income account one-half of all monies paid for fees and administrative expenses between June 1991 and February 1993. This appeal followed.

Respondents contend that the court erred in interpreting the Act and applying it to the terms of this trust. We disagree.

■ Pursuant to § 15–1–405(1), C.R.S. (1987 Repl.Vol. 6B), the Act applies unless the settlor directs that receipts and expenses be apportioned in another manner. Here, because the settlor did not direct any other manner of apportionment, the court properly applied the Act in determining the allocation of administrative expenses. *See Venables v. Seattle–First National Bank,* 60 Wash.App. 941, 808 P.2d 769 (1991).

■ Section 15–1–415(1) provides that: "All ordinary expenses incurred in connection with the trust estate or with its administration and management, including a reasonable portion, but not less than one half, of the trustees' compensation for current management ... and attorneys' and other fees ... shall be paid out of income...."

The Act is based on the 1931 Uniform Principal and Income Act (1931 Uniform Act). In adopting the Act, the General Assembly departed from the official text of the 1931 Uniform Act with respect to the payment of fees and expenses in connection with

the management of trust estates. Although the 1931 Uniform Act provides that *all* such fees and expenses are to be paid from income, Colorado's version provides that "a reasonable amount, but not less than one half" of trustees' fees and expenses should be paid out of the income account. *See* Uniform Principal & Income Act of 1931, 7B *Uniform Laws Annot.* § 13 (1985).

Thus, the General Assembly apparently rejected the approach that all such expenses had to be paid out of income. In accordance with the Act, and subject to the "not less than one half" proviso, the probate court had discretion to determine what was a reasonable portion of trustee fees and expenses, including attorney fees, to be paid from the income account of the trust. Respondents have not demonstrated that the court's allocation here was unreasonable or an abuse of discretion.

Respondents assert that the court's order is inequitable because no separate principal account was ever established and because, in order to make payments of expenses from principal, the trustees might be forced to sell land owned by the trust. Specifically, respondents urge that such a sale would be in violation of the following provision of the trust agreement:

> The principal asset of the Trust is the land accumulated by the Settlor during his lifetime. The trustees shall retain said land intact for so long as it is possible to do so, even though investment in other assets or other types of assets may be more profitable.

Although the settlor expressed a preference that the land not be sold, the quoted provision of the trust agreement does not expressly prohibit the mortgage or sale of land to raise cash for the payment of administrative fees and expenses, but merely requires its retention for as long as feasible. We thus perceive no error in the court's ruling.

The order is affirmed.

HUME and ROTHENBERG, JJ., concur.